# JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 13-1232 JGB (DTBx)** | Date | November 12, 2013 |
|---|---|---|---|
| Title | *Bernadette Uzoebo v. Ocwen Loan Servicing LLC, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) REMANDING Action to California Superior Court for the County of San Bernardino and (2) DECLINING TO CONSIDER Defendants' Motion to Dismiss the First Amended Complaint (Doc. No. 15) (IN CHAMBERS)

On September 19, 2013, the Court ordered further briefing on the issue of subject matter jurisdiction. The Court finds this matter suitable for resolution without a hearing pursuant to Local Rule 7-15. After considering the papers timely filed by Jerson, the Court concludes that Jerson is an indispensable party, thereby destroying diversity jurisdiction under 28 U.S.C. § 1332. See FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"). Accordingly, the Court REMANDS the case to San Bernardino County Superior Court for further proceedings.

## I. BACKGROUND

On June 7, 2013, Plaintiff Bernadette Uzoebo ("Plaintiff") filed a complaint in state court against Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Power Default Services, Inc. ("Power Default"), and fictitious entities. (Compl., Not. of Removal, Exh. A, Doc. No. 1.) Ocwen and Power Default removed the case to this Court on July 11, 2013. (Not. of Removal.) The Court granted in part Ocwen and Power Default's motion to dismiss on August 16, 2013. (Doc. No. 10.) On August 28, 2013, Plaintiff filed a First Amended Complaint against the same Defendants. ("FAC," Doc. No. 13.)

On August 23, 2013, Intervenor Jerson Trade Company, Inc. ("Jerson") filed a motion for leave to intervene, which no party opposed. ("Motion," Doc. No. 11.) The Court granted Jerson's motion to intervene under Federal Rule of Civil Procedure 24(a), and Jerson filed a complaint in intervention on September 26, 2013. ("Int. Compl.," Doc. No. 19.) As part of its order on the intervenor motion, the Court recognized that "Intervenor Jerson, a California corporation, may destroy the existing diversity and deprive this Court of jurisdiction." (Doc. No. 14 at 4.) The Court ordered supplemental briefing on the issue of the Court's subject matter jurisdiction with an initial brief by Jerson due by September 30, 2013 and any responses by October 7, 2013. (Id. at 5.) Only Jerson filed the requested briefing. ("Supp. Brief," Doc. No. 18.)

Despite the Court's acknowledgement that Jerson's intervention may divest it of subject matter jurisdiction, Defendants filed a motion to dismiss the First Amended Complaint on September 24, 2013. (Doc. No. 15.) Plaintiff opposed on October 14, 2013. (Doc. No. 22.) Defendants replied on October 21, 2013. (Doc. No. 23.) Because the Court finds that it lacks jurisdiction over this action, it does not address Defendants' motion to dismiss.

## II. DISCUSSION

### A. Intervenor Diversity Jurisdiction

Defendants removed this action solely based on diversity jurisdiction. (Not. of Removal.) The FAC and the Complaint in Intervention assert only state law claims, and therefore no federal question jurisdiction exists. (FAC; Int. Compl.) Plaintiff is a citizen of California, Defendants Ocwen and Power Default are a Delaware limited liability company and Delaware corporation, respectively, and Intervenor Jerson is a California corporation. (FAC ¶¶ 1-3; Int. Compl. ¶¶ 2-5.) Since Plaintiff and Intervenor Jerson are California citizens, the Court must determine whether it is divested of diversity jurisdiction.

"Ordinarily, when removal is proper at the outset, federal jurisdiction is not defeated by later changes or developments in the suit." Takeda v. Northwest Nat. Life Ins. Co., 765 F.2d 815, 819 (9th Cir. 1985). "But we have recognized an exception to this rule when an indispensable party would destroy diversity." Id. In addition, under 28 U.S.C. § 1367(b), "in any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title [diversity], the district courts shall not have supplemental jurisdiction under subsection (a) over claims . . . by persons . . . seeking to intervene as *plaintiffs* under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b) (emphasis added). The Ninth Circuit has held that "[n]either section 1332 nor 1367 upset the long-established judge-made rule that the presence of a nondiverse and *not indispensable* defendant intervenor does not destroy complete diversity." Mattel, Inc. v. Bryant, 446 F.3d 1011, 1014 (9th Cir. 2006) (emphasis added).

Thus, two situations strip the Court of diversity jurisdiction in this case: (1) if the Court realigned Jerson as a plaintiff intervenor, or (2) if the Court concludes that Jerson is an

indispensable party. See CF Med., LLC v. St. Alexius Hosp. Corp., SACV 10-1637-JST, 2011 WL 1990557, at *3 (C.D. Cal. May 20, 2011). Although the Court does not realign Jerson as a plaintiff intervenor, it concludes that Jerson is an indispensable party, which divests the Court of jurisdiction over this matter.

### 1. Plaintiff Intervenor

Notwithstanding whether a party is named defendant or plaintiff, when a party "possesses and pursues its own interests respecting the primary issue in a lawsuit," the Court "must nevertheless realign" that party for jurisdictional purposes based on such interests. Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000) ("The issue of alignment for purposes of diversity jurisdiction requires a court to 'look beyond the pleadings' to the actual interests of the parties respecting the subject matter of the lawsuit.") (citation omitted). This requires the Court to make "factual determinations," and the Court "must align for jurisdictional purposes those parties whose interests coincide respecting the 'primary matter in dispute.'" Id. at 872–73 (citation omitted).

Here, Jerson purchased Plaintiff's property at a trustee sale initiated and administered by Defendants on May 21, 2013. (FAC ¶ 20; Int. Compl. ¶ 7.) Plaintiff alleges that Defendants conducted the trustee sale improperly, thereby depriving Jerson of the status as a "bone fide purchaser." (FAC ¶ 21.) Moreover, both Plaintiff and Jerson seek quiet title to the same property. (FAC ¶¶ 30-36; Int. Compl. ¶¶ 13-16.) Thus, Jerson's interests are in conflict with Plaintiff's. Instead, Jerson's interests are more properly aligned with Defendants. Jerson purchased the property through a sale conducted by Defendants and seeks a declaratory judgment that the sale was proper. (Int. Compl. ¶¶ 6-12.)

Based on Jerson and Plaintiff's claims and their alleged ownership and/or security interests in the property, the Court finds that Jerson's interests coincide with Defendants and Jerson is an intervening defendant, not plaintiff. Thus, the Court does not realign Jerson as an intervening plaintiff and is not divested of jurisdiction on this basis. The Court next decides whether Jerson is an indispensable party.

### 2. Indispensable Party

"A party is indispensable if in 'equity and good conscience,' the court should not allow the action to proceed in its absence." Dawavendewa v. Salt River Project Agr. Imp. and Power Dist., 276 F.3d 1150, 1161 (9th Cir. 2002) (citation omitted). "To find that a person who is not joined is 'indispensable,' the absent person must first be deemed necessary as a 'person to be joined if feasible' under Rule 19(a)(1) and (2)." Schnabel v. Lui, 302 F.3d 1023, 1029 (9th Cir. 2002) (citation omitted).

Under Rule 19(a), a party is "required" if "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise

inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a). If the court finds that the party is required, it then considers four primary factors under Rule 19(b) to determine whether the party is indispensable.[1] "There is no prescribed formula for determining in every case whether a person is an indispensable party." Provident Tradesmen Bank & Trust Co. v. Patterson, 390 U.S. 102, 118 n. 14 (1968). On the contrary, "Rule 19(b) requires the district court to analyze various equitable considerations within the context of particular litigation, rather than to decide a purely legal issue." Walsh v. Centeio, 692 F.2d 1239, 1242 (9th Cir. 1982).

The Court recognizes that no party except for Intervenor Jerson expressed an opinion as to whether Jerson is indispensable to this litigation. Nonetheless, the Court is persuaded that Jerson, as the current owner of the property in dispute, is required to be joined in this litigation because the Court could not accord complete relief without its intervention. See Terrell v. Allison, 88 U.S. 289, 293, (1874) ("Mrs. Kyle purchased the premises mortgaged before the institution of the suit for the sale of the property and was placed in their possession. She was, therefore, an indispensable party to that suit, and was not bound by the decree rendered in her absence."); Banc of Am. Leasing & Capital, LLC v. 3 Arch Tr. Servs., Inc., 180 Cal. App. 4th 1090, 1103 (2009) ("As a general rule only parties with an interest in the secured loan or in the real property security itself have standing to challenge or attempt to set aside a nonjudicial foreclosure sale, . . . [¶] . . . [but] *all* parties to the sale transaction (i.e., those individuals with a 'stake in the outcome') are deemed indispensable and must be joined in the set-aside action.") (citation and quotation omitted). Moreover, since Plaintiff seeks quiet title to the subject property, and Jerson allegedly currently holds the title, Jerson is required to be joined as a defendant. See United States v. Wood, 466 F.2d 1385, 1388 (9th Cir. 1972) ("In a suit to quiet title, all persons interested in the title are indispensable parties."). If Jerson were not present in the action, the Court could not award the relief Plaintiff requests. Fed. R. Civ. P. 19(a)(1)(A).

After considering the four factors under Rule 19(b), the Court finds that Jerson is indispensable to this litigation. First, Plaintiff would be prejudiced by Jerson's absence because the Court would not be able to award her the requested relief without Jerson's intervention in this action. The prejudice cannot be lessened by shaping the relief, since Defendants cannot provide Plaintiff with title to the subject property. Although the Court will be deprived of subject matter jurisdiction if Jerson is indispensable, Plaintiff will not be deprived of an adequate remedy since the case will be remanded for consideration by the state court. See Takeda v. Northwest Nat. Life Ins. Co., 765 F.2d 815, 820 n. 5, 821 (9th Cir. 1985) (holding that when an alternative forum exists, it "weighs strongly in favor of remanding th[e] case" because "[i]n state court, all the parties who should be joined, can be joined. And, unlike a case brought under the federal court's original jurisdiction, the state court is the forum originally chosen by the plaintiffs"). Accordingly, the Court finds that Jerson is a required party pursuant to Rules 19(a) and 19(b) and this action may not proceed without Jerson.

---

[1] The factors are: (1) the prejudice to any party or to the absent party; (2) whether relief can be shaped to lessen prejudice; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder, i.e., whether there exists an alternative forum. Fed. R. Civ. P. 19(b).

Since Jerson is an indispensable party to this action, its citizenship must be considered for purposes of subject matter jurisdiction.  Because Jerson's presence in this action would destroy diversity jurisdiction and an alternative forum exists in state court, the Court remands the case for further proceedings.  See CF Med., LLC v. St. Alexius Hosp. Corp., SACV 10-1637-JST, 2011 WL 1990557, at *7 (C.D. Cal. May 20, 2011) (finding that intervenor was an indispensable party because "Plaintiff and Defendants run the risk of prevailing in this matter only to find that they cannot collect on their judgment because [intervenor] is the true owner of the Accounts" and then remanding the action for further proceedings).

### III. CONCLUSION

For the foregoing reasons, the Court concludes it lacks jurisdiction over this matter because Jerson is an indispensable, non-diverse intervening party that destroys diversity jurisdiction. Accordingly, the Court REMANDS the case to the California Superior Court, County of San Bernardino.  Because it lacks jurisdiction, the Court DECLINES TO CONSIDER Defendants' motion to dismiss the FAC.  (Doc. No. 15.)

**IT IS SO ORDERED.**